**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
November 21, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

| | |
|---|---|
| **TIMOTHY F. NOGOSKY,** ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:25cv155 |
| ) | |
| **SOUTHWEST VIRGINIA** ) | |
| **REGIONAL JAIL,** ) | By:  Robert S. Ballou |
| Defendant. ) | United States District Judge |

**MEMORANDUM OPINION**

Plaintiff Timothy F. Nogosky, a Virginia inmate proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging personal injuries after slipping and falling on a partially wet floor at the Southwest Virginia Regional Jail, a crowded living environment in his pod, and jail conditions making exercise difficult. Nogosky requests transfer to a different Virginia prison facility, as well as other monetary relief.[1] Nogosky names Southwest Virginia Regional Jail as the only defendant in this action. This action will be summarily dismissed pursuant to § 1915A(b)(1) for failure to state a claim.

"Section 1983 imposes liability on state actors who cause the deprivation of any rights, privileges, or immunities secured by the Constitution." *Doe v. Rosa*, 795 F.3d 429, 436 (4th Cir. 2015). However, the court must dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief could be granted. 28 U.S.C. § 1915A(b)(1). Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one

---

[1] Nogosky updated his address in September 2025, indicating that he is now being housed at Bland County Correctional Center. Dkt. 7.

that is "plausible on its face," rather than merely "conceivable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

Nogosky cannot prevail in a § 1983 claim against the Southwest Virginia Regional Jail. A local jail facility itself cannot qualify as a *person* subject to being sued under § 1983. *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 894 (E.D. Va. 1992) ("[T]he jail is not a person under §1983" and thus "lacks the capacity to be sued as a jail."). Further, to prevail in a § 1983 case, a plaintiff must show that the "official charged acted personally" in the denial of the plaintiff's rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).

Here, beyond the fact that Nogosky has failed to name a proper defendant, he has also failed to allege a constitutional violation. The Eighth Amendment prohibition against cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). Prison officials violate the Eighth Amendment when they seriously deprive a prisoner of a basic human need and are deliberately indifferent to prison conditions. *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993). Merely negligent action or inaction by prison officials does not give rise to a constitutional claim. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). Nogosky's allegations, at most, suggest unnamed prison staff negligently failed to notice the water he slipped in, or clean it up sooner. However, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). Likewise, Nogosky's general allegations of crowded living conditions in his pod, and difficulty meeting his exercise goals, do not allege facts showing that a person acting under color of state law has been deliberately indifferent to an extreme deprivation of a basic human need.

According, I will dismiss this action without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief could be granted.

An appropriate order accompanies this memorandum opinion.

Entered:  November 21, 2025

*Robert S. Ballou*

Robert S. Ballou
United States District Judge